# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ANDERSON HUTCHINSON,

Plaintiff,

v.

WARDEN MR. CRELLA, *et al.*,

Defendants.

Case No. 24–cv–09498–ESK–EAP

OPINION

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on *pro se* plaintiff Anderson Hutchinson's amended complaint (Amended Complaint) filed pursuant to 42 U.S.C. § 1983.  (ECF No. 10.)  As plaintiff is proceeding *in forma pauperis*, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  For the following reasons, I will dismiss the Amended Complaint without prejudice.  28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff is a currently detained in the Bergen County Jail (Jail).  (ECF No. 10 p. 3.)  Plaintiff alleges that Mr. Crella and Aramark, respectively the Jail's warden and food contractor, violated the jail's food policy by not providing nutritionally balanced food.  (*Id.* p. 5.)  According to plaintiff, the policy sets forth that the jail will provide "a balanced diet that meets or exceeds the minimum daily requirements for normal health."  (*Id.* p. 6.)  Plaintiff seeks $ 350,000 in damages.  (*Id.*)

## II.   LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by plaintiffs proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.   28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.   *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).   "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"   *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."   *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).   Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"   *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## III.   DISCUSSION

Plaintiff seeks relief from defendants because he is unhappy with the quality of food he is provided in the facility.   "Allegations that prisons are not providing adequate nutrition falls within the broader category of conditions of confinement claims."   *Stokes v. Aramark Corp.*, No. 19–cv–20601, 2020 WL

5793688, at *2 (D.N.J. Sept. 29, 2020). "[I]nmates must be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger' to their health and well being." *Duran v. Merline*, 923 F. Supp. 2d 702, 720 (D.N.J. 2013) (quoting *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983)). However, "a prisoner's displeasure with the food being served is insufficient to support a claim for relief in a federal civil rights matter such as this." *Hutchinson v. Bergen Cnty. Jail*, No. 24–cv–09700, 2025 WL 669830, at *2 (D.N.J. Feb. 28, 2025). Plaintiff's unsupported allegations that the Jail's meals were nutritionally inadequate are not enough to state a claim for relief. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff has not provided facts to support his claim, so the Amended Complaint must be dismissed without prejudice for failure to state a claim.

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). It is possible that plaintiff may be able to allege facts that would state a claim, so I will grant plaintiff 45 days to submit a proposed second amended complaint. The proposed amended complaint will be subject to my § 1915 review prior to service. Failure to submit a proposed second amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by the Court

### IV.  CONCLUSION

For the reasons stated above, I will dismiss the Amended Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may submit a

proposed second amended complaint within 45 days.   An appropriate Order accompanies this Opinion.


_/s/ Edward S. Kiel_____

**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: June 23, 2025